11-563-cv
Zokaitis v. Social Security Administration

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*
ROSLYNN R. MAUSKOPF,*
*District Judge.*

---

TAMMY ZOKAITIS,

*Plaintiff-Appellant*,

v. 11-563-cv

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER, MICHAEL J. ASTRUE,

*Defendant-Appellee.*

---

\* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:     MITCHELL L. PEARL (Cara L. Cookson, *on the brief*), Langrock Sperry & Wool, LLP, Middlebury, VT

FOR APPELLEE:     TIMOTHY LANDRY, Special Assistant United States Attorney (Carol L. Shea, Chief, Civil Division, *on the brief*), *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Vermont is **AFFIRMED.**

Appellant appeals from the final judgment of the United States District Court for the District of Vermont (Murtha, *J.*), which affirmed the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Appellant disability benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant argues that the Commissioner's decision is not supported by substantial evidence in the record. Specifically, she argues that the Commissioner erred by failing to properly evaluate: (1) Appellant's pressure

2

urticaria; (2) Appellant's credibility; (3) the opinions of Appellant's nurse and social worker; (4) Appellant's capacity to return to her former job as a cashier; and (5) the state agency consulting doctors' opinions. On review, we must set aside the Commissioner's determination if it "is based upon legal error or not supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam).

First, the Commissioner did not err in assessing Appellant's pressure urticaria by not including a manipulative limitation in her residual functional capacity ("RFC") concerning the use of her hands. None of Appellant's treating physicians ever concluded that her urticaria prevented her from using her hands or specifically opined as to how her symptoms of urticaria affected her ability to work. Similarly, none of her physicians ever conducted any objective tests to assess whether Appellant's condition prevented her from doing light work. In fact, the medical evidence demonstrates that Appellant's skin condition can be, and has been, controlled with appropriate medication.

Second, we find no error in the Commissioner's assessment of Appellant's credibility. Many of Appellant's statements concerning the intensity, persistence and limiting effects of her symptoms were inconsistent with other information in the record. We disagree with Appellant's contention that the Commissioner mischaracterized the record in evaluating Appellant's credibility. There was substantial evidence in the record to conclude that Appellant engaged in a broad range of daily activities. Indeed, Appellant's own Function Report states that she is able to "[p]ick up/[d]rop off son at headstart . . . take care of baby and clean house. Go to appointments" and "[h]elp with homework . . . or school project[s]." She also states that she is able to prepare meals daily.

Third, we find no error in the Commissioner's decision to give little weight to the Treatment Source Statements of Nancy Driscoll and Janine Small (Appellant's nurse and social worker respectively) based on the factors set forth in 20 C.F.R. § 416.927. Both Treatment Source Statements have significant inconsistencies with the findings in each source's progress notes. For instance, Driscoll concluded in her Treatment Source Statement that Appellant had

"extreme" difficulties in maintaining social functioning. But in the overwhelming majority of her progress notes, Driscoll concluded that Appellant did not have serious impairments. Similarly, although Small concluded in her Treatment Source Statement that Appellant had extreme difficulties in social functioning and marked difficulties in maintaining concentration, persistence or pace, Small consistently assigned Appellant a Global Assessment Functioning ("GAF") score of 55, which indicates only "moderate difficulty" in those functions.

Fourth, the Commissioner's conclusion that Appellant can return to her past work as a cashier is supported by substantial evidence. Appellant's argument that her pressure urticaria prevents her from working with her hands and returning to her job as a cashier is belied by the fact that she worked as a cashier for over two years after the onset of her urticarial symptoms. During this time, she admitted that she was handling and grabbing objects for up to eight hours per day and also occasionally carrying heavy objects that weighed up to twenty pounds. Moreover, Appellant's psychological limitations do not prevent her from returning to work as a cashier. Even accepting

5

Appellant's interpretation of the medical records, she is only limited from "intense" interaction with large or unfamiliar groups of people, which is not the hallmark of being a cashier.

Finally, we need not consider Appellant's argument that the Commissioner erred in giving significant weight to the opinions of the non-examining state agency medical consultants, Drs. Reilly and Cook. This issue was never raised below, and it is well settled that we generally "will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks and citation omitted).

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk